IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      vs.<br><br>JACK G. GORMAN, JR., et al.,<br><br>           Defendants.<br>_____/ | CIV. NO. S-06-2417 FCD GGH<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff's motion for entry of default judgment against defendant Jack Gorman, Jr., filed March 19, 2008, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

<u>BACKGROUND</u>

On October 31, 2006, plaintiff filed the underlying complaint in this action against defendant Jack Gorman, Jr.[1], alleging defendant fraudulently conveyed funds to avoid paying federal income taxes. The summons and complaint were personally served on defendant Jack Gorman, on January 20, 2007. Fed. R. Civ. P. 4(e)(2). <u>Pacific Atlantic Trading Co. v. M/V</u>

---

[1] Plaintiff also named Gorman's ex-wife, Sonja Gorman, as a defendant, but she entered into a stipulation of dismissal with the government on June 25, 2008.

1

Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant Jack Gorman has failed to file an answer or otherwise appear in this action. On February 12, 2007, the clerk entered default against defendant Jack Gorman, Jr.

The instant motion for default judgment and supporting papers were served by mail on defendant at his last known address. Defendant Jack Gorman filed no opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of $74,604.07 plus statutory interest and other additions accruing according to law until paid.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

The United States brought this action under the California Uniform Fraudulent Transfer Act ("CUFTA"), Cal. Civ. Code § 3439, *et seq*., and claims that Gorman fraudulently transferred funds from Gorman Enterprises, a freight trucking corporation that is now defunct, to Jack and Sonja Gorman in order to hinder, delay or defraud present and future creditors such as the United States government. Compl., ¶ 29.

The moving papers, exhibits and complaint establish that Gorman Enterprises owed a debt to the United States in the form of outstanding corporate income and employment tax liabilities prior to the fraudulent transfers; Gorman Enterprises made the transfers without receiving reasonably equivalent value in exchange for any of the transfers; and Gorman

\\\\\

Enterprises became insolvent as a result of the transfers.[2]  Compl., ¶¶ 29-32.

The government has also shown that underlying the fraudulent transfers are a debt in the form of unpaid federal corporate income and employment taxes, interest, penalties and statutory additions, for which the government made timely assessments against Gorman Enterprises; the government gave proper notice and demand for payment; Gorman Enterprises did not fully pay the assessments, interest and penalties; and there now exist federal tax liens based on those assessments and notices of these liens were filed with the California Secretary of State.  Compl., ¶¶ 20-26.[3]

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that plaintiff's motion for entry of default judgment be GRANTED.  Judgment should be rendered in the amount of $74,604.07 plus statutory interest and other additions accruing according to law until paid.  A proposed judgment has been lodged by plaintiff and is approved as to form and substance.

These findings and recommendations are submitted to the United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to

---

[2]  The court does not necessarily agree with the government's position that the transfers made as a result of stipulations between Jack and Sonja Gorman are not exempt from the CUFTA.  The fact that the stipulations were endorsed by the Divorce Court may affect their status.  Nevertheless, because Jack Gorman has not opposed the government's motion, this court will not intervene on this issue.

[3]  The undersigned initially had some problems in determining whether payments Gorman did make were properly credited to reduce his outstanding liability.  The United States has respondent to that concern.

1  file objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 11/25/08

4  /s/ Gregory G. Hollows

5  GREGORY G. HOLLOWS
   UNITED STATES MAGISTRATE JUDGE

6

   GGH:076/USGorman2417.def.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26